**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourt.gov

In re: Chapter 7

ODYSSEY ENGINES LLC, et al.,

Case No. 20-16772-RAM
Substantively Consolidated

Debtors,
_______________________________________/

SONEET KAPILA, TRUSTEE

Plaintiff,

v.

Adv. Case No. No. 22-_________-RAM

EGAN-JONES RATINGS COMPANY,

Defendant.
_______________________________________/

**ADVERSARY COMPLAINT TO AVOID AND RECOVER TRANSFERS AND FOR UNJUST ENRICHMENT**

Plaintiff, Soneet Kapila, in his capacity as the duly appointed, qualified, and acting chapter 7 bankruptcy trustee ("Trustee Kapila") for the above-referenced substantively consolidated bankruptcy estate (together, the "Debtor"), sues Defendant, EGAN-JONES RATINGS COMPANY, ("Defendant"). In support of this Complaint, Trustee Kapila alleges as follows:

**NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

1. Trustee Kapila sues Defendant to: (i) avoid and recover fraudulent transfers pursuant to one or more of sections 544, 548, and/or 550 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*., ("Bankruptcy Code"), chapter 726 of the Florida Statutes ("Fla. Stat.")

and Rule 7001 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") and (ii) for unjust enrichment under Florida law.[1]

2. Plaintiff, Trustee Kapila, is the duly appointed, qualified, and acting chapter 7 bankruptcy trustee of Debtor's substantively consolidated bankruptcy estate.

3. On information and belief, Defendant, EGAN-JONES RATINGS COMPANY, is a Delaware corporation.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

5. This is a core proceeding for which the Court is authorized to determine all matters regarding this case in accordance with 28 U.S.C. § 157(b).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**PROCEDURAL BANKGROUND**

7. On June 23, 2020 ("Petition Date"), the Debtor and certain related entities filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida initiating the jointly administered bankruptcy cases styled *In re Odyssey Engines, LLC, et al.*, Case No. 20-16772-RAM.

[1]Trustee Kapila reserves the right to bring additional claims against Defendant and nothing contained herein shall be deemed a waiver of any rights or causes of action that Trustee Kapila or the bankruptcy estate may have against Defendant. Also, to the extent that Defendant has filed a proof of claim or has a claim listed on Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from Debtor or Debtor's Chapter 7 estate (collectively, the "Claims"), Trustee Kapila reserves the right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j), and this Complaint is not intended to be, nor should it be construed as a waiver of such right. Additionally, during the course of this proceeding, Trustee Kapila may learn (through discovery or otherwise) of additional transfers made to Defendant prior to the Petition Date that give rise to additional claims for relief. It is Trustee Kapila's intention to avoid and recover all transfers made by Debtor of an interest of Debtor in property to or for the benefit of Defendant. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, and/or (iv) additional defendants that may become known to Trustee Kapila at any time during this adversary proceeding, through formal discovery or otherwise, and for all such amendments to relate back to the date of filing of this original Complaint.

8. On September 29, 2021, the Court converted the underlying bankruptcy case to cases under chapter 7 of the Bankruptcy Code.

9. Upon conversion, the Office of the United States Trustee appointed Trustee Kapila as interim trustee for the jointly administered chapter 7 bankruptcy estates pursuant to Bankruptcy Code § 701.

10. Pursuant to Bankruptcy Code § 341, Trustee Kapila commenced the initial meeting of creditors on November 15, 2021, and concluded the meeting on January 3, 2022.

11. No creditor called for an election of a trustee at the meeting of creditors and, as a result, Trustee Kapila serves as the permanent trustee pursuant to Bankruptcy Code § 702(d).

12. On May 26, 2022, the Court entered an Order substantively consolidating the bankruptcy estates into a single bankruptcy estate.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

*Debtor's Business Operations*

13. During all times material to this action, Debtor operated as a vertically integrated aviation services business primarily engaged in aviation leasing, aviation maintenance, aviation testing, aviation overhaul, aviation engine and airframe mechanical and structural refurbishment , and aviation field services.

14. Notwithstanding, from time to time the Debtor used its funds to pay for goods and services for or otherwise satisfied the obligations of non-debtor entities and insiders.

15. The use of Debtor's corporate funds for goods and services for or satisfaction of obligations of non-debtor entities and insiders provided no benefit to Debtor and damaged the interests of creditors of the Debtor.

16. Debtor was insolvent at all times material to the transfers at issue in this case. The Debtor was unable to pay its debts as they became due in the ordinary course of its business at all relevant times. A total of approximately $170 million in claims were filed in the case, including but not limited to non-payment of IRS tax obligations, non-payment of payroll and wage obligations, and multiple financial institution claims for non-payment of money loaned to the Debtor.

*The Debtor's Financial Records*

17. Upon his appointment, Trustee Kapila had no meaningful access to Debtor's employees, specifically those entrusted with maintaining the accounting and financial record keeping.

18. Hard copies of the Debtor's business records (i) were commingled with the records of non-debtors and related entity records, and (ii) included loose folders, invoices financials, payroll records, tax invoices and other correspondence scattered throughout the Debtor's former business premises.

19. Notably, the hard copy records did not include a complete set of bank records, financial statements or tax returns for any of the Debtor entities.

20. Trustee Kapila faced similar challenges gathering the Debtor's electronic records including emails, company directories, accounting applications that were maintained on an in-house server located in the business premises and certain accounting records were separately maintained on a bookkeeper's laptop.

21. Additionally, Trustee Kapila determined the Debtor's accounting records were incomplete and disorganized.

22. For example, upon review and analysis of the QuickBooks files, Trustee Kapila determined the files were unreliable because, among other things, (i) the files did not contain all transactional activity, (ii) the general ledger cash accounts did not reconcile to the bank statements, and (iii) in one of the Debtor's QuickBooks file, the general ledger cash accounts contained transactional activity for multiple non-debtor bank accounts.

23. Put simply, the Debtor did not maintain adequate corporate records from which an independent review of its prior business dealings was feasible.

24. As a result, and the confines of the aforementioned challenges and limitation, Trustee Kapila reconstructed the Debtor's financial history to the best of his ability and conducted an in-depth analysis of the Debtor's pre- and post-petition transfers based on a reconstruction of the Debtor's bank records obtained from subpoenas issued to third party financial institutions.[2]

25. In connection with this diligence, Trustee Kapila identified approximately 250 recipients of transfers where no discernable benefit was received by the Debtor or the estate.

26. Trustee Kapila sent correspondence to the transferees of such transfers in an effort to gather information that would demonstrate that the Debtor received value commensurate with such transfers.

*The Subject Transfers*

27. Prior to the Petition Date, Defendant received transfers of monies from Debtor. The date, amount, and method of effecting the transfers are summarized in the attached Exhibit A (collectively, the "**Transfers**").

28. As set forth in Exhibit A, Debtor made Transfers to Defendant in the amounts of:

a. $**25,000.00** within two (2) years from the Petition Date ("**Two Year Transfers**"); and

b. $**75,000.00** within four (4) years from the Petition Date ("**Four Year Transfers**");

29. The Debtor's records available to Trustee Kapila do not indicate that the Transfers have a connection with or are related to Debtor's business.

30. The Debtor's records available to Trustee Kapila do not indicate that Defendant provided Debtor with reasonably equivalent value in exchange for the Transfers.

31. Trustee Kapila was unable to obtain information from the Defendant that satisfied that request and, as a result, Trustee Kapila filed the above-styled action.

**COUNT I –AVOIDANCE OF THE TWO YEAR TRANSFERS**
**PURSUANT TO BANKRUPTCY CODE § 548(A)(1)(B)**

32. Trustee Kapila realleges the allegations set forth in paragraphs 1 through 31.

33. Debtor made the Two Year Transfers to Defendant within the two (2) year period prior to the Petition Date.

34. The Two Year Transfers were voluntary or involuntary transfers of an interest of Debtor in property.

35. Trustee Kapila is advised and believes that the Debtor received less than reasonably equivalent value in exchange for the Two Year Transfers, and;

a. Debtor was insolvent on the dates that the Two Year Transfers were made, or was rendered insolvent as a result of those transfers;

[2] Trustee Kapila continues to receive records from financial institutions in response to the subpoenas issued and the bank reconstruction analysis remains a work in process as a result.

b. Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or

c. Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, Trustee Kapila respectfully requests the Court enter a judgment (i) declaring the Two Year Transfers to be fraudulent transfers pursuant to Bankruptcy Code § 548(a)(1)(B), (ii) avoiding the Two Year Transfers as fraudulent transfers pursuant to Bankruptcy Code § 548(a)(1)(B), and (iii) granting such other and further relief as may be equitable and just.

**COUNT II – AVOIDANCE OF FOUR YEAR TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(B)(1) AND FLA. STAT. §§ 726.105(1)(B) 726.108(1)(A)**

36. Trustee Kapila realleges the allegations set forth in paragraphs 1 through 31.

37. Debtor made the Four Year Transfers within the four years prior to the Petition Date.

38. Debtor received less than reasonably equivalent value in exchange for the Four Year Transfers; and

a. Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to its business or transaction; or

b. Debtor intended to incur, or believed it would incur, debts that would be beyond Debtor's ability to pay as they became due.

39. Debtor had at least one actual creditor as of the time of each of the Four Year Transfers holding an unsecured claim which is allowable within the meaning of 11 U.S.C. §

544(b)(1), by whom the Four Year Transfers were avoidable under applicable law, including Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a).

40. The Four Year Transfers are avoidable under Bankruptcy Code § 544 and Fla. Stat. § 726.105(1)(b) and 726.108(1)(a).

**WHEREFORE**, Trustee Kapila respectfully requests the Court enter a judgment (i) declaring the Four Year Transfers to be fraudulent transfers pursuant to Fla. Stat. § 726.105(1)(b); (ii) avoiding the Four Year Transfers as fraudulent transfers pursuant to Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a), and granting such other and further relief as may be equitable and just.

**COUNT III – AVOIDANCE OF THE FOUR YEAR TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(B)(1) AND FLA. STAT. §§ 726.106(1) AND 726.108(1)(A)**

41. Trustee Kapila realleges the allegations set forth in paragraphs 1 through 31.

42. Debtor made the Four Year Transfers to Defendant within the four (4) year period prior to the Petition Date.

43. Debtor made the Four Year Transfers without receiving reasonably equivalent value in exchange for the Four Year Transfers.

44. Debtor was insolvent at the times of the Four Year Transfers or became insolvent as a result of the Four Year Transfers.

45. Debtor had at least one actual creditor as of the time of the Four Year Transfers holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Four Year Transfers were avoidable under applicable law, including Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

46. The Transfers are avoidable under Bankruptcy Code § 544 and Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

**WHEREFORE**, Trustee Kapila respectfully requests the Court enter a judgment (i) declaring the Four Year Transfers to be fraudulent transfers pursuant to Fla. Stat. § 726.106(1), avoiding the Four Year Transfers as fraudulent transfers pursuant to Bankruptcy Fla. Stat. § 726.106(1) and 726.108(1)(a), and granting such other and further relief as may be just and proper.

**COUNT IV –- RECOVERY OF TRANSFERS**
**PURSUANT TO BANKRUPTCY CODE § 550**

47. Trustee Kapila realleges the allegations set forth in paragraphs 1 through 46.

48. All of some of the Transfers are avoidable pursuant to one or more of Bankruptcy Code §§ 544, 548 and Fla. Stat. §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106(1) and § 726.108(1)(a).

49. Defendant was either an initial transferee or entity for whose benefit the Transfers were made under Bankruptcy Code § 550(a)(1).

50. The Transfers, or the value of the Transfers, are recoverable from Defendant by Trustee Kapila pursuant to Bankruptcy Code § 550.

**WHEREFORE**, Trustee Kapila respectfully requests the Court enter a judgment declaring Defendant to be either an initial transferee of the Transfers or the entity for whose benefit those transfers were made under Bankruptcy Code § 550(a)(1), directing Defendant to turn over to Trustee Kapila, for the benefit of Debtor's bankruptcy estate, the Transfers avoided or the value of the Transfers avoided for the benefit of Debtor's bankruptcy estate, and granting such other and further relief as may be equitable and just.

**COUNT V—UNJUST ENRICHMENT**
**AGAINST DEFENDANT RELATING TO THE TRANSFERS**

51. Trustee Kapila realleges the allegations set forth in paragraphs 1 through 31.

52. Debtor made the Transfers in the amount to Defendant.

53. Debtor conferred a benefit on Defendant by virtue of the Transfers.

54. Defendant voluntarily accepted and retained the benefit conferred, which were the Transfers.

55. The circumstances render Defendant's retention of the Transfers, which was the benefit conferred on them by Debtor, inequitable unless Defendant pays Debtor the value of the Transfers.

56. Defendant was unjustly enriched by virtue of the Transfers.

**WHEREFORE**, Trustee Kapila respectfully requests the Court to enter a judgment granting money damages in the amount of the Transfers to Trustee Kapila, for the benefit of Debtor's bankruptcy estate, and granting such other and further relief as equitable and just.

Respectfully submitted,

STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: *_/s/ Drew M. Dillworth_*
DREW DILLWORTH, ESQ.
ddillworth@stearnsweaver.com
Florida Bar No. 0167835
ERIC J. SILVER, ESQ.
Florida Bar No. 057262
esilver@stearnsweaver.com

*Counsel for Trustee Kapila*

# EXHIBIT A

**ODYSSEY ENGINES, INC.**
**CASE NO. 20-16772-BKC-RAM**
**U.S. BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**8130 Acquisition Corporation, LLC | AB Financial Services, LLC | JA Aerocell, LLC | Miami NDT Engine Services, LLC | Miami NDT, Inc. |Odyssey Engines, LLC Odyssey Leasing, LLC | Odyssey Real Estate Holdings, LLC | Savanna Leasing, LLC | Turbine Engine Center, Inc.**

**Disbursements to Egan-Jones Ratings Company**
**For the Period From June 23, 2016 through September 29, 2021**

**Petition Date:** June 23, 2020 | **Converted Date:** September 29, 2021

| Category | Total |
|---|---|
| 2 Year Transfers *(06/23/18 - 06/23/20)* | $ 25,000.00 |
| 4 Year Transfers *(06/23/16 - 06/23/20)* | 75,000.00 |
| Post-Petition Transfers *(06/24/20 - 09/29/21)* | - |

| Entity | Bank ID # | Statement Clearing Date | Type | Check # | Payee / Received From | Disbursements |
|---|---|---|---|---|---|---|
| Turbine Engine Center Inc | WF-7322 | 12/04/17 | Wire | | Egan-Jones Ratings Company | $ 50,000.00 |
| Odyssey Engines, LLC | SYN-7302 | 02/15/19 | Wire | | Egan-Jones Ratings Company | 25,000.00 |
| | | Grand Total | | | | 75,000.00 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re: Chapter 7

ODYSSEY ENGINES LLC, et al., Case No. 20-16772-RAM
Substantively Consolidated

Debtors,
_______________________________________/

**STATEMENT IN TRUSTEE KAPILA RELATING TO ADVERSARY FILINGS**

I, Soneet Kapila, pursuant to 28 U.S.C. § 1746(2), under penalty of perjury, swear that at present, there are insufficient funds available in the substantively consolidated chapter 7 estate with which to pay the adversary filing fees in this matter or related adversary proceedings to be filed contemporaneously herewith.

However, upon recovery of free and clear funds said filing fees shall be paid over to the Clerk of this Court in this matter.

FURTHER AFFIANT SAYETH NAUGHT.

/s/ *Soneet Kapila, Trustee*
Soneet Kapila, Trustee